UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darlene Esposito,

          Plaintiff,        Case No. 23-10619

v.                                Judith E. Levy
                                 United States District Judge

Midland Credit Mgmt. Inc.,

                                 Mag. Judge Elizabeth A.
         Defendant.     Stafford

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM

On or about March 11, 2023, Plaintiff Darlene Esposito, proceeding *pro se*, filed the complaint in this case against Defendant Midland Credit Mgmt. Inc. (ECF No. 1.) Plaintiff also filed an application to proceed without prepaying fees or costs (also referred to as an application to proceed *in forma pauperis*). (ECF No. 2.) On March 16, 2023, the Clerk's Office entered these documents on the docket and assigned the case to the undersigned.

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who

submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff's application indicates that she receives $1,036 per month in disability income, has $726 in monthly expenses, and has no cash or money in a checking or savings account. (ECF No. 2, PageID.20, 22–23.) Plaintiff also indicates that she has no employment history for the past two years. (*Id.* at PageID.20.) Given Plaintiff's lack of financial resources and limited discretionary income, the Court finds that Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1), and her application to proceed without prepayment of fees is granted.

Because Plaintiff has been granted permission to proceed *in forma pauperis*, the Court must screen her complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic

pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a plaintiff must allege facts in the complaint which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain "detailed factual allegations," it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is difficult to decipher, but it appears to assert claims under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Michigan Freedom of Information Act ("Michigan FOIA"), Mich. Comp. Laws §§ 15.231–246. (*See* ECF No. 1, PageID.1–2.) The

federal FOIA imposes certain public disclosure obligations on any "agency" of the federal government, which includes any "Government corporation" or any "Government controlled corporation." *See* 5 U.S.C. § 522(a)(6), (f)(1). Generally, a private corporation does not qualify as an "agency" under FOIA. *Rutland v. Santander Consumer USA, Inc.*, No. 11-15250, 2012 WL 3060949, at *3 (E.D. Mich. July 26, 2012) (citing *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir.1985)). In evaluating whether a non-governmental entity qualifies as a "government controlled corporation" under FOIA, courts consider a variety of factors, including "whether the entity performs a governmental function" and "whether there is substantial government control over the entity's day to day operations." *Id.* (quoting *Montgomery v. Sanders*, No. 3:07-CV-470, 2008 WL 5244758, at *4 (S.D. Ohio Dec. 15, 2008)).

Like the federal statute, Michigan's FOIA imposes certain public disclosure obligations on any "public body" within the state. *See* Mich. Comp. Laws § 15.233(1); *see also* Mich. Comp. Laws § 15.232(h) (defining "public body" for purposes of Michigan's FOIA). However, private entities do not constitute a "public body" under Michigan's FOIA and are therefore not subject to its disclosure requirements. *See Bisio v. City of*

4

*Clarkston*, 506 Mich. 37, 55 (2020) (emphasizing that "'public records' must be 'prepared, owned, used, in the possession of, or retained by a public body' and not by a private individual or entity" (emphasis omitted)); *Breighner v. Mich. High Sch. Ath. Ass'n*, 471 Mich. 217, 233 (2004) (holding that the defendant was a private, nonprofit organization and therefore not a "public body").

Here, Plaintiff's complaint is devoid of any allegations which plausibly suggest Defendant is an "agency" or "government controlled corporation" under FOIA or a "public body" under Michigan's FOIA. As such, Plaintiff fails to state a claim under either statute, and the complaint must be dismissed under § 1915(e)(2)(B).[1]

---

[1] The Court notes that another federal district court recently warned Plaintiff that her repeated FOIA claims against private entities border on frivolousness:

> Esposito has been told before—in plain, uncomplicated terms—that FOIA does not apply to private entities, and she would have received this message from another federal court only days before initiating this lawsuit. *See Esposito v. Google LLC*, No. 23-245, 2023 WL 2078222, at *2 (W.D. Penn. Feb. 17, 2023). Since that time, Esposito has received this message again from another federal court. S*ee Esposito v. Verif Acts, Inc.*, No. 23 C 50078, Doc. No. 4 (N.D. Ill. Mar. 10, 2023). This Court is now the third to tell Esposito what is compelled from the text of the statute: FOIA applies to federal agencies, not non-governmental entities. Going forward, Esposito should take care to ensure that there is a non-frivolous argument that the defendant she is suing under FOIA is subject to FOIA.

*Esposito v. Ctr. Point Legal Sols.*, No. 23-CV-0645 (SRN/DJF), 2023 WL 2918025, at *1 (D. Minn. Apr. 12, 2023).

5

For the reasons set forth above, Plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is GRANTED, and the complaint is DISMISSED WITH PREJUDICE under § 1915(e)(2)(B) for failure to state a claim.

IT IS SO ORDERED.

Dated: May 16, 2023       s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2023.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager